NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2010-3013

ANNA M. BUENROSTRO,

Petitioner,

v.

DEPARTMENT OF JUSTICE,

Respondent.

Anna M. Buenrostro, of Bellflower, California, pro se.

Jeffrey A. Regner, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were Tony West, Assistant Attorney General, Jeanne E. Davidson, Director, and Alan J. Lo Re, Assistant Director.

Appealed from: Merit Systems Protection Board

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2010-3013

ANNA M. BUENROSTRO,

Petitioner,

v.

DEPARTMENT OF JUSTICE,

Respondent.

Petition for review of the Merit Systems Protection Board in SF-0752-09-0072-I-1.
_____

DECIDED:   April 8, 2010
_____

Before MAYER, LINN, and DYK, Circuit Judges.

PER CURIAM.

Anna M. Buenrostro seeks review of the final decision of the Merit Systems Protection Board upholding her removal by the Department of Justice (the "agency") due to excessive absence.  See Buenrostro v. Dep't of Justice, No. SF-0752-09-0072-I-1 (M.S.P.B. July 24, 2009).  Because we lack subject matter jurisdiction to review the appeal, we dismiss.

Prior to her removal, Buenrostro was employed by the agency at the Metropolitan Detention Center ("MDC") in Los Angeles, California, first as a physician's assistant and then as a correctional officer.  On February 7, 2008, she requested leave without pay

("LWOP") under the Family Medical Leave Act ("FMLA") from February 8, 2008, until April 26, 2008. This request was approved. On April 28, 2008, she requested that the LWOP period be extended through July 26, 2008. The MDC warden approved her request for the period of April 27, 2008, through May 2, 2008, at which point she would have exhausted the twelve weeks of leave allowed per twelve-month period under the FMLA. The warden explained that additional LWOP could not be approved "due to the needs of the institution in maintaining the ability to provide the highest quality of care to the inmate population." He also warned that if Buenrostro did not report to work on May 5, 2008, she would be considered absent without leave and could face disciplinary action, including removal. She requested reconsideration of her leave request, which was once again denied. Despite the denial of her requests, she did not report to work and remained on absent without leave status from May 5, 2008, until August 22, 2008, when an associate warden proposed that she be removed for excessive absence. On October 2, 2008, the warden approved her removal, effective October 5, 2008.

Buenrostro appealed her removal to the board, arguing that the agency had improperly denied her leave requests and that her removal was due to discrimination on the basis of race and gender and was in retaliation for two complaints she had previously filed with the Equal Employment Opportunity Commission alleging such discrimination.[*] An administrative judge determined that her absences were not approved, that the agency properly denied her leave requests, that she failed to meet

---

[*] The commission denied one of the complaints and dismissed the second for failure to state a claim. Buenrostro subsequently filed suit against the agency in the United States District Court for the Central District of California, alleging racial discrimination and a hostile work environment. The court granted the agency's motion for summary judgment and the case is currently on appeal to the United States Court of Appeals for the Ninth Circuit.

her burden of proof for the affirmative defenses of discrimination and retaliation, and that the agency's choice of penalty was reasonable. The administrative judge's decision became the final decision of the board when the board denied Buenrostro's petition for review.

We agree with the government that this matter must be dismissed because it is a mixed-case appeal. A mixed-case appeal is "an appeal filed with the MSPB that alleges that an appealable agency action was effected, in whole or in part, because of discrimination on the basis of race, color, religion, sex, national origin, disability, age, or genetic information." 29 C.F.R. § 1614.302(a)(2). We lack jurisdiction to review a mixed-case appeal decided on the merits unless the discrimination claim is waived. See Williams v. Dep't of the Army, 715 F.2d 1485, 1491 (Fed. Cir. 1983) (en banc). Instead, judicial review of the board's decision in such a case is available in the federal district courts. Id.

Buenrostro alleges that discrimination was a basis for the agency's removal decision, and she has not waived this claim on appeal. On the statement concerning discrimination she filed pursuant to Federal Circuit Rule 15(c), she did not check the box which reads: "Any claim of discrimination by reason of race, sex, age, national origin, or handicapped condition raised before and decided by the Merit Systems Protection Board or arbitrator has been abandoned or will not be raised or continued in this or any other court." Instead, she checked the box which reads: "No claim of discrimination by reason of race, sex, age, national origin, or handicapped condition has been or will be made in this case." She also states in her reply brief that "this is not a discrimination case." These statements, however, are inconsistent with the petition for review she filed

with this court, in which she confirms that she raised claims of discrimination based on gender, race, and reprisal before the board and argues that the board incorrectly denied each of them. Buenrostro has not waived her discrimination claim and is instead pursuing review of all the issues decided by the board, which requires that we dismiss her appeal for lack of subject matter jurisdiction.